## CIRCUIT COURT OF FAUQUIER COUNTY

William Bailey, III,
and Lisa Stewart Bailey

v.

Scott H. Donovan,
Scott H. Donovan, P.C.,
and Coppertop Properties, L.L.C.

April 12, 2013

Case No. CL11-732

By Judge Jeffrey W. Parker

This matter comes before the Court on a Plea in Bar filed by the Defendants asserting that the proceeding was filed outside of the applicable statute of limitations period, and, hence, is time barred. The Plaintiffs had filed a six count pleading, and the Court has previously ruled on four of those Counts, leaving only Count I: Breach of Loyalty and Count V: Breach of Contract for adjudication.

Both Counts allege that Defendant Donovan breached his fiduciary duties as an attorney to his clients by unfairly engaging in a business transaction with his clients to his benefit and to their detriment. Both attorneys argued the applicable malpractice statute of limitations to both Counts. The Court will approach this issue in the same fashion.

The Defendant Donovan was engaged to represent the Plaintiffs in a bankruptcy proceeding, and the parties executed a written contract to that effect. Thus, the five year statute of limitations is applicable. Va. Code § 8.01-246(2); *Shipman v. Kruck*, 267 Va. 495, 501, 593 S.E.2d 319 (2004).

There were no allegations that Mr. Donovan committed any malpractice with reference to the bankruptcy service he performed. The alleged breach

occurred with reference to his profiting from the real estate transaction he engaged in with his own client.

In order to apply the statute, the Court must determine when the attorney-client relationship ended, when the breach first occurred, when the breaches last occurred, and then check this against the filing date of the lawsuit.

According to the pleading, Donovan "filed a Motion to Dismiss the Bankruptcy Petition on or about July 7, 2005." There is no indication that he performed any more legal services thereafter or that his representation otherwise continued beyond that point. Prior to July 7, 2005 (the pleading does not state exactly), Donovan tried to convince the Baileys to sell their home to him and they agreed. The conveyance occurred on July 22, 2005, and was recorded on July 26, 2005. Thereafter, at some unstated date, "the Defendants sold Plaintiffs' home [to a third party] for approximately $500,000." Complaint, ¶ 13.

The legal representation by Donovan continued from the time he was retained in October of 2004 until he filed to dismiss the bankruptcy on July 7, 2005. "The proper inquiry is not whether a general attorney-client relationship has ended, but instead, when the attorney's work in the *particular undertaking* at issue has ceased." *Shipman*, at 505 (emphasis added).

Plaintiffs' pleading alleges undue influence by virtue of Defendants' fiduciary role through a misrepresentation of the property value on an agreement to sell the home to the Defendants. This transaction was not completed until July 22 subsequent to the termination of Donovan's services on July 7. It can be argued that the breach of fiduciary duty occurred prior to July 7, but there was no damage or loss until July 22 when the property was conveyed to the Defendants

The fact that the Defendant did not realize his profit until later is not material, as the built in, but unliquidated profit, was conveyed to the Defendants prior to the termination of representation. However, the fact that the profit was realized later does not serve to extend the statute of limitations. While such an event may have served to inform the Plaintiffs of their loss, discovery of the existence of the cause of action does not serve to extend the statute. *Virginia Military Inst. v. King*, 217 Va. 751, 759, 232 S.E.2d 895 (1977). The tort was completed at the time of the conveyance of the deed to the Defendants on July 22, 2005. Title passed to the purchasers at that time, not at recording. 15 M.J., *Recording Acts*, § 7 (2009).

This proceeding was instituted on July 26, 2010, five years and four days after conveying the deed. The applicable statute of limitation is five years. The late recording of the deed as between the parties does nothing to extend the statute of limitations. Recording only serves to place third parties on notice of the transaction. The facts as alleged suggest that the

breach of fiduciary duty occurred during the period of representation, but the suit was filed after the statute had run.

Therefore, the Plea will be sustained and the matter dismissed.